

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CASE NO. 1:09-CR-67 |
| | § | |
| RENE GARANZUAY | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA BEFORE THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this matter to the undersigned United States Magistrate Judge for administration of a guilty plea and allocution under Rules 11 and 32 of the Federal Rules of Criminal Procedure. Magistrate judges have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). *United States v. Bolivar-Munoz*, 313 F.3d 253, 255 (5th Cir. 2002), *cert. denied,* 123 S. Ct. 1642 (2003).

On August 27, 2009, this cause came before the undersigned United States Magistrate Judge for entry of a guilty plea by the defendant, Rene Garanzuay, on **Count One** of the charging Indictment filed in this cause. Count One of the Indictment charges that on or about May 5, 2009, in the Eastern District of Texas, Rene Garanzuay, Defendant herein, having been previously convicted of a felony offense, namely illegal Transportation of Aliens For

1

Commercial Advantage or Private Financial Gain, in violation of Title 8, United States Code, Section 1324, in Cause Number DR-07-CR-849, United States District Court for the Western District of Texas, and while in confinement and serving a sentence for such conviction in an institution and facility in which he was confined by direction of the Attorney General, did knowingly escape and attempt to escape, in violation of Title 18, United States Code, Section 751(a).

Defendant, Rene Garanzuay, entered a plea of guilty to Count One of the Indictment into the record at the hearing.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11 the Court finds:

- a. That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this cause by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court;

- b. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing, voluntary and freely made plea. Upon addressing the defendant personally in open court, the Court determines that Defendant's plea is voluntary and did not result from force, threats or promises. *See* FED. R. CRIM. P. 11(b)(2).

- c. That Defendant's knowing, voluntary and freely made plea is supported by an independent factual basis establishing each of the essential elements of the offense and Defendant realizes that his conduct falls within the definition of the crime charged under 18 U.S.C. § 751(a).

### **STATEMENT OF REASONS**

As factual support for Defendant's guilty plea, the Government proffered the following evidence at the hearing. *See Factual Basis.* The Government would prove that Defendant is one

and the same person charged in the Indictment and that the events described in the Indictment occurred in the Eastern District of Texas. The Government and Defendant agreed that the Government would prove each and every essential element of the charged offense. The Defendant also stipulated to the facts presented by the Government in support of his guilty plea. If the case proceeded to trial, the Government would have proven every essential element of the offenses, beyond a reasonable doubt, through sworn testimony, including witnesses and expert witnesses, and through exhibits.

Specifically, the Government would present testimony from various Deputy United States Marshals, employees of the Beaumont Federal Correctional Complex, and employees of the Satellite Prison Camp in Beaumont, Texas, which would have proven, beyond a reasonable doubt, each and every essential element of the offense alleged in Count One of the Indictment. Through the evidence, the Government would have proven the following stipulated facts:

The Defendant has a prior felony conviction and a certified copy of a felony conviction styled "The United States of America v. Rene Garanzuay", would be introduced including the following: Illegal Transportation of Aliens for Commercial Advantage or Private Gain, Cause Number DR-07-CR-849(1)-AML, in the Western District of Texas, on December 12, 2007.

Business records from the Bureau of Prisons would be introduced by a custodian of records who would testify that Rene Garanzuay was assigned at the direction of the Attorney General to confinement and housing at the Satellite Prison Camp in Beaumont, Texas, and that Mr. Garanzuay's projected release date was late October or early November, 2009.

Bureau of Prison Officers Sawyer and Cottrell would testify that on May 5, 2009, at

approximately 3:00 am, inmate Rene Garanzuay was missing from his cell. These officers would further testify that a thorough search of the facility and surrounding grounds failed to locate Mr. Garanzuay.

Deputy United States Marshal James McNeely would testify that he investigated Mr. Garanzuay's escape and that the investigation lead Deputy McNeely to believe Mr. Garanzuay might have traveled to Mexico. Deputy McNeely made contact with the Del Rio division of the United States Marshal's office to assist in the investigation.

Del Rio Deputy United States Marshal Luis Aloyo would testify he made contact via telephone with Rene Garanzuay's wife, who lives in Mexico, and that she denied knowledge of Mr. Garanzuay's whereabouts. Deputy Aloyo would testify that Rene Garanzuay subsequently called him from Mexico and indicated his intention to surrender. Deputy Aloyo would further testify that Rene Garanzuay turned himself in and was taken into custody at Port of Entry Number One in Eagle Pass, Texas, on May 12, 2009 at approximately 10:15 am.

Counsel for Defendant attested to Defendant's competency and capability to enter an informed plea of guilty. Defendant agreed with the factual basis and agreed with the Government's ability to prove the elements of the offense. Defendant also testified that he was entering his guilty plea knowingly, freely and voluntarily.

### RECOMMENDATION

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the guilty plea of Defendant, which the undersigned determines to be supported by an independent factual basis establishing each of the essential

elements of the offense charged in **Count One of the Indictment** filed in this criminal proceeding. Accordingly, it is further recommended that Defendant, Rene Garanzuay, be finally adjudged guilty of the charged offense under 18 U.S.C. § 751(a) as stated in the Indictment.

Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report. At the plea hearing, the Court admonished the Defendant that the District Court may reject his plea and that the District Court can decline to sentence Defendant in accordance with the federal Sentencing Guidelines and/or the presentence report. The District Court may defer its decision to accept or reject the plea until there has been an opportunity to consider the presentence report. Defendant reserves his right to allocute before the District Court before imposition of sentence.

## OBJECTIONS

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *Douglass v. United Serv. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge

5

must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 28th day of August, 2009.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE